IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------x
In re:                                              )    Chapter 7
                                                    )
Eagle Land Management of PA, Inc.                   )    Case No. 01-37739 (BIF)
                                                    )
                Debtor.                             )
                                                    )
                                                    )
----------------------------------------------------x

## OBJECTION OF MERCO JOINT VENTURE, LLC TO FINAL REPORT OF TRUSTEE

Merco Joint Venture, LLC ("Merco"), by and through its undersigned counsel, hereby objects to the Final Report of the Trustee (the "Final Report") and in support thereof states as follows:

1. On or about December 21, 2001 (the "Petition Date"), Eagle Land Management of PA, Inc (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, the case was converted.

2. On or about July 12, 2002, Merco, also a Chapter 11 debtor in case pending in the United States Bankruptcy Court for the Eastern District of New York, Bankr. Case No. 02-80588 (SB), timely filed a Proof of Claim in an unliquidated amount in the Debtor's case, marked as Claim number 35 on the Claims Register (the "Merco Claim").

3. On or about January 24, 2003, the case was converted to a case under Chapter 7 and, thereafter, Gloria M. Satralie was appointed as the Chapter 7 Trustee (the "Trustee").

4. On or about February 8, 2006, the Trustee filed its Final Report and Account of the Administration of the Estate and Final Application for Compensation (the "Final Report") and served it on creditors on April 11, 2006.

5. In the Final Report, the Trustee asserts that "all claims have been reviewed and properly dealt with."

6. This is false. Upon information and belief, neither the Debtor nor the Trustee have ever objected to or otherwise addressed the merits of the Merco Claim. In fact, the Trustee specifically refused to do so.

7. Upon information and belief, immediately upon receipt of the Final Report, Bankruptcy counsel for Merco in Westbury, New York contacted counsel to the Trustee regarding the failure of the Trustee to address the Merco Claim. Sometime thereafter, counsel to the Trustee returned the call from Merco's counsel whereby they informally discussed the Merco Claim and the process of the Final Report. After these discussions, on May 2, 2006, counsel to Merco provided detailed back-up information supporting the Merco Claim and requested a continuance of the hearing on the Final Report to enable the Merco Claim to be liquidated and fixed. Notwithstanding the Trustee's failure to object to the Merco Claim with this Court, the Trustee refused Merco's request and opted to go forward with hearing on the Final Report.

WHEREFORE, in light of the foregoing, Merco respectfully requests that this Court require the Trustee to fix the amount of the Merco Claim pursuant to 11 U.S.C. § 502(c) or otherwise prior to accepting the Final Report.

Dated: May 3, 2006                                **FLASTER/GREENBERG, P.C.**

                                                                          */s/ William J. Burnett*
William J. Burnett, Esquire
Eight Penn Center, 15th Floor
Philadelphia, PA 19103

Counsel for the Merco Joint Venture, LLC

2